## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Kathleen A. Bielen, | Case No. 19-cv-0872 (WMW/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Rochester Police Department, Deputy Nicholas J. Heimer, Deputy Justin M. Kotajarvi, Adam M. Waletzki, and Officer #4, | |
| Defendants. | |

HILDY BOWBEER, United States Magistrate Judge

Plaintiff Kathleen Bielen filed a complaint [Doc. No. 1] on March 28, 2019, and an amended complaint [Doc. No. 5] on June 21, 2019.  Plaintiff is proceeding pro se in this matter and paid the filing fee.  On May 8, 2019, this Court referred Plaintiff to the Federal Bar Association Pro Se Project [Doc. No. 4], but no attorney has entered an appearance on Plaintiff's behalf.

On July 17, 2019, Defendants Justin Kotajarvi, Adam Waletzki, and Nicholas Heimer filed a motion to dismiss all claims against them.  [Doc. No. 7.]  Defendant Rochester Police Department filed a separate motion to dismiss the same day.  [Doc. No. 13.]  Both motions were referred to this Court.  [Doc. No. 19.]

Plaintiff's response to both motions was due on August 7, 2019.  Plaintiff neither filed a response nor requested an extension of time to file a response by that date.  The Court *sua sponte* granted Plaintiff an extension of time to August 21, 2019, to either

1

(1) file a written response to the motions to dismiss or (2) file a written notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  (Order at 1–2, Aug. 13, 2019 [Doc. No. 25].)  The Court advised Plaintiff that if she took neither action and did not otherwise communicate with the Court, the Court may recommend that the case be dismissed for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b), or may take Defendants' motions under advisement without a hearing and recommend dismissal on one or more grounds set forth in those motions, *see* D. Minn. LR 7.1(g).  (*Id.* at 2.)

On August 21, 2019, Plaintiff filed three motions, one of which was a Motion to Request Additional Time to Clean Up Complaint [Doc. No. 26].  The Court construed that filing as a motion for an extension of time in which to file an amended complaint and granted the motion.  (Order at 2 [Doc. No. 31].)  Plaintiff later filed a letter requesting an additional extension of time to file an amended complaint, which the Court granted and set a deadline of October 21, 2019.  The Court warned Plaintiff that if an amended complaint was not received by the Clerk's Office on or before that date, the Court would proceed on the existing complaint [Doc. No. 5].  Plaintiff did not file an amended complaint on or before October 21, 2019.

On August 21, 2019, Plaintiff also filed a Motion to Dismiss Defendant Rochester Police Department [Doc. No. 27].  In a Report and Recommendation dated August 22, 2019, the Court construed that filing as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), recommended that the Rochester Police Department be dismissed from this lawsuit, and recommended that the Rochester Police

2

Department's motion to dismiss [Doc. No. 13] be denied as moot.  (R. & R. at 2–3 [Doc. No. 31].)  That Report and Recommendation remains pending.

On August 21, 2019, Plaintiff filed a document captioned "Notes," in which she refers to a court's "power to accept or reject motions based on the law and their beliefs." [Doc No. 32 at 1.]  Plaintiff also recounts a conversation she had with a volunteer attorney through the Pro Se Project, complains about the difficulties involved with suing law enforcement personnel, and describes the physical, mental, and emotional toll the underlying incident has taken.  [*Id.* at 1–2.]  Plaintiff concludes that she "cannot fight this case alone so dismissal is eminent [sic]."  [*Id.* at 3.]

Presently before the Court is the motion to dismiss filed by Defendants Justin Kotajarvi, Adam Waletzki, and Nicholas Heimer [Doc. No. 7].  Plaintiff did not file a memorandum of law in opposition to the motion to dismiss, as required by District of Minnesota Local Rule 7.1(c)(2).  The Court does not construe Plaintiff's "Notes" as a memorandum of law in opposition to the motion to dismiss because it is not a legal memorandum and it does not respond directly to the arguments raised by Defendants.

Local Rule 7.1(g) permits a court to take appropriate action if a party fails to timely file a memorandum of law.  Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action when a plaintiff fails to prosecute or fails to obey a court order. Under the circumstances of this case, the Court finds it appropriate to recommend dismissal based on Plaintiff's failure to timely file a memorandum of law in response to the motion to dismiss and Plaintiff's apparent intention not to prosecute this action further.  Consequently, the Court will recommend that this action be dismissed pursuant

3

to Local Rule 7.1(g) and Federal Rule of Civil Procedure 41(b). *See Witthuhn v. Nationstar Mortg., LLC*, No. 13-cv-680 (JNE/JJK), 2014 WL 4232037, at *3 (D. Minn. Aug. 26, 2014) (dismissing case for failure to prosecute under Local Rule 7.1 and Rule 41(b)).

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.      This matter be **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b), based on Plaintiff's failure to prosecute this action; and

2.      Defendants Justin Kotajarvi, Adam Waletzki, and Nicholas Heimer's Motion to Dismiss [Doc. No. 7] be **DENIED AS MOOT**.

Dated: October 28, 2019

 s/ *Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge

**NOTICE**

The Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).